UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DETRICK WILLIAMS, #268870,

        Petitioner,

                                  CASE NO. 07-CV-13090
v.                              HONORABLE LAWRENCE P. ZATKOFF

RAYMOND BOOKER,

        Respondent.
_____/

**OPINION AND ORDER GRANTING RESPONDENT'S MOTION TO DISMISS,
DISMISSING PETITION FOR A WRIT OF HABEAS CORPUS,
AND DENYING A CERTIFICATE OF APPEALABILITY AND
LEAVE TO PROCEED *IN FORMA PAUPERIS* ON APPEAL**

I. Introduction

      This is a habeas case under 28 U.S.C. § 2254. Detrick Williams ("Petitioner"), a Michigan prisoner currently confined at the Ryan Correctional Facility in Detroit, Michigan, asserts that he is being held in violation of his constitutional rights. Petitioner pleaded guilty to possession with intent to deliver less than 50 grams of cocaine, fleeing a police officer, resisting and obstructing of police officer, malicious destruction of police property, operating a motor vehicle while intoxicated, possession of marijuana, and failure to stop at the scene of a personal injury accident in the Muskegon County Circuit Court in 2005. He was sentenced as a third habitual offender to concurrent terms of 5½ to 40 years imprisonment on the cocaine conviction, 3 to 10 years imprisonment on the fleeing a police officer conviction, 2 to 4 years imprisonment on the resisting and obstructing conviction, 3 to 8 years imprisonment on the malicious destruction conviction, and jail time on the remaining convictions.

In his pleadings, Petitioner raises claims concerning the denial of his state-court appeal for failure to pay the filing fee, the denial of appellate counsel, the accuracy of sentencing information, and the effectiveness of counsel at sentencing. This matter is before the Court on Respondent's motion to dismiss the petition for failure to fully exhaust state court remedies. For the reasons set forth herein, the Court grants Respondent's motion and dismisses without prejudice the petition for a writ of habeas corpus. The Court also denies a certificate of appealability and leave to proceed *in forma pauperis* on appeal.

## II. Analysis

A prisoner filing a petition for a writ of habeas corpus under 28 U.S.C. § 2254 must first exhaust all state remedies. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999) ("state prisoners must give the state courts one full fair opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process"); *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994). A Michigan prisoner must raise each issue he seeks to present in a federal habeas proceeding to the state courts. Each issue must be presented to both the Michigan Court of Appeals and the Michigan Supreme Court to satisfy the exhaustion requirement. *See Welch v. Burke*, 49 F. Supp. 2d 992, 998 (E.D. Mich. 1999); *see also Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990). The burden is on the petitioner to prove exhaustion. *Rust*, 17 F.3d at 160.

Petitioner has not met his burden of demonstrating exhaustion of state-court remedies. The record before this Court indicates that Petitioner failed to pay the reduced filing fee required by the Michigan Court of Appeals in order to proceed with his criminal appeal and to properly exhaust the state appellate process. *See* Pet. Appx. E; Resp. Motion, pp. 2–5. A claim is not exhausted unless the habeas petitioner provides the state appellate courts with a fair opportunity to pass upon the claim, which in turn requires that the applicant "present his claims before the state courts in a

procedurally proper manner according to the rules of the state courts." *Mercadel v. Cain,* 179 F.3d 271, 275 (5th Cir. 1999) (internal quotation omitted). A habeas petitioner cannot circumvent the exhaustion requirement by failing to comply with state procedural rules. *See Coleman v. Mitchell*, 244 F.3d 533, 538 (6th Cir. 2001). Because Petitioner did not comply with the court rules in filing his appeal with the Michigan Court of Appeals, he has failed to fully exhaust his habeas claims in the Michigan courts. Petitioner's presentation of his claims to the Michigan Supreme Court on discretionary review fails to satisfy the exhaustion requirement. *See Castille v. Peoples*, 489 U.S. 346, 349 (1989) (submission of claims to state's highest court on discretionary review does not constitute "fair presentation" when such review is granted only for "special and important reasons").[1]

Petitioner still has available remedies in the Michigan courts that must be exhausted before proceeding in federal court. For example, he may file a motion for relief from judgment pursuant to Michigan Court Rule 6.500 with the state trial court and then pursue his claims through the state appellate courts as necessary. Federal habeas law provides that a habeas petitioner is only entitled to relief if he can show that the state-court adjudication of his claims resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States. *See* 28 U.S.C. § 2254(d). If this Court were to review the claims presented, such an action would deny the state courts the deference to which they are entitled. The state courts must first be given a fair opportunity to rule upon Petitioner's claims. Otherwise, the Court is unable to apply the standard found at 28 U.S.C. § 2254.

---

[1]Arguably Petitioner has exhausted his claim that the Michigan Court of Appeals violated his rights by dismissing his appeal for failure to pay the reduced filing fee by presenting that claim to the Michigan Supreme Court. Even if this is so, however, Petitioner has filed a mixed petition containing both exhausted and unexhausted claims, which is still subject to dismissal. *See Rose v. Lundy*, 455 U.S. 509, 510 (1982); *see also Rust*, 17 F.3d at 160.

III. Conclusion

For the reasons stated, the Court concludes that Petitioner has not fully exhausted his state-court remedies as to his habeas claims. Accordingly, the Court GRANTS Respondent's motion to dismiss and DISMISSES WITHOUT PREJUDICE the petition for a writ of habeas corpus. The Court makes no determination as to the merits of Petitioner's claims.

Before Petitioner may appeal this Court's dispositive decision, a certificate of appealability must issue. *See* 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a federal district court denies a habeas claim on procedural grounds without addressing the claim's merits, a certificate of appealability should issue if it is shown that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *See Slack v. McDaniel*, 529 U.S. 473, 484–85 (2000).

Having considered the matter, the Court concludes that reasonable jurists could not debate whether the Court was correct in its procedural ruling. Accordingly, the Court DENIES a certificate of appealability. The Court further DENIES Petitioner leave to proceed *in forma pauperis* on appeal as any appeal would be frivolous. *See* Fed. R. App. P. 24(a).

IT IS SO ORDERED.

    s/Lawrence P. Zatkoff
    LAWRENCE P. ZATKOFF
    UNITED STATES DISTRICT JUDGE

Dated: April 18, 2008

CERTIFICATE OF SERVICE

       The undersigned certifies that a copy of this Order was served upon the attorneys of record by electronic or U.S. mail on April 18, 2008.

                                                s/Marie E. Verlinde
                                               Case Manager
                                               (810) 984-3290